Filed 10/26/23  P. v. Baskett CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080215 |
| v. | (Super.Ct.No. FVA1001189) |
| BRANDON KEITH BASKETT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Dismissed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On July 6, 2011, a jury convicted defendant and appellant Brandon Keith Baskett of murder (Pen. Code, § 187, count 1)[1] and being a felon in possession of a firearm (§ 12021, subd. (a)(1), count 5). The jury additionally found true the allegations that he personally used a firearm. (§§ 12022.53, subd. (b), 12022.5, subd. (a).)[2] The court sentenced defendant to a term of imprisonment of 11 years plus 25 years to life.[3] (*Baskett I*, *supra*, E054399; *Baskett II*, *supra*, E073937.)

On May 30, 2019, defendant filed a form petition for resentencing pursuant to former section 1170.95.[4] After an evidentiary hearing on October 27, 2022, the trial court denied the petition by written order, finding beyond a reasonable doubt that defendant was the actual killer.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, *Anders v. California* (1967) 386 U.S. 738, and *People v.*

---

[1] All further statutory references will be to the Penal Code.

[2] We took judicial notice of our prior opinions from defendant's appeals from the original judgment (*People v. Tucker et al.* (July 26, 2013, E054399) [nonpub. opn.] (*Baskett I*)) and of the summary denial of his former section 1170.95 petition (*People v. Baskett.* (May 11, 2021, E073937) [nonpub. opn.] (*Baskett II*)), in which we reversed and remanded the matter for an evidentiary hearing. The People attached *Baskett I* and *Baskett II* to their response to defendant's petition.

[3] The court later struck defendant's prior prison term enhancement, reducing his determinate term of imprisonment by one year.

[4] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

*Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*),**5** setting forth a statement of the case, asserting that we must independently review the record for error, and identifying two potentially arguable issues: (1) whether the court erred in determining that the evidence was sufficient to prove beyond a reasonable doubt that defendant was the actual killer or was a major participant acting with reckless disregard for human life; and (2) whether accomplice testimony implicating defendant was sufficiently corroborated.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

---

**5** In *Delgadillo*, the California Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-226.) Appellate counsel contends that because *Delgadillo* was an appeal from the denial of a section 1172.6 petition *at the prima facie stage*, *Wende* and *Anders* procedures still apply to cases, like this one, in which the court denied the petition *at an evidentiary hearing*. Thus, appellate counsel asserts that we are required to conduct an independent review. We disagree. The court in *Delgadillo* focused broadly on the applicable procedures when a defendant appeals an order denying any request for postconviction relief, not narrowly on the denial of a section 1172.6 petition at the prima facie stage. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231.)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
                                        Acting P. J.

We concur:

MILLER _____
                    J.

FIELDS _____
                    J.

4